**Manuel Fernando CABRERA, Plaintiff,**

**v.**

**Janet RENO, Attorney General of the United States, et al., Defendants.**

**Civil Action No. 98–1647.**

United States District Court, D. New Jersey.

April 16, 1998.

Maria Inez Gonzalez, Newark, NJ, for Plaintiff.

Neil R. Gallagher, Assistant U.S. Attorney, Office of the U.S. Attorney, Newark, NJ, for Defendant.

*MEMORANDUM OPINION*

WOLIN, District Judge.

This case arises out of petitioner Manuel Fernando Cabrera's pending deportation. Cabrera entered the United States in 1994 and was granted a voluntary departure until January 15, 1997. Cabrera married a United States citizen on December 21, 1996 and sought an extension of the voluntary departure via a written request to the District Director. The Director did not respond· to the extension and Cabrera's attorney filed a Motion to Re–Open and Reconsider on November 5, 1997. That motion was denied on December 12, 1997. Thereafter, Cabrera filed an appeal received by the Immigration Board on January 1, 1998. The Board denied Cabrera's stay of deportation pending the outcome of the appeal. The appeal is currently pending before the Board. Cabrera is currently in the custody· of the Elizabeth Detention Center. Cabrera seeks injunctive and declaratory relief. Specifically, petitioner requests that the Court enter an order staying his deportation, releasing petitioner from the custody of the Elizabeth Detention Center pending the appeal, and (2) issue a declaratory judgment declaring that the respondent's delay prejudiced Cabrera's Fifth Amendment due process rights. Cabrera also petitions the Court for a writ of habeas corpus.

■ It is well established that "[a]n order of deportation . . . shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(C); *see Sewak v. I.N.S.*, 900 F.2d 667, 670 (3d Cir.1990) (appellate jurisdiction over petitions to re-view INS orders depends upon alien's exhaustion of available administrative remedies) (citations omitted).[1] This rule requires an alien to raise and exhaust his remedies with respect to each claim or ground for relief in order to preserve a right of judicial review of that claim. *See· Alleyne v. I.N.S.*, 879 F.2d 1177, 1182 (3d Cir.1989). Cabrera's appeal of the denial of his request for an extension of his voluntary departure date is currently pending. Thereby, Cabrera has failed to exhaust administrative remedies as mandated by 8 U.S.C. § 1105a(c). Accordingly, as the Court lacks subject matter jurisdiction, Cabrera's request for declaratory and injunctive relief will be denied.

■ Turning to petitioner's petition for a writ of habeas corpus, 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of the law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (1997). Section 1252(g) became effective April 1, 1997. *See I.N.S. v. Yang*, 519 U.S. 26, 117 S.Ct. 350, 352, 136 L.Ed.2d 288 N.1 (1996), *reh'g denied*, —— U.S. ——, 117 S.Ct. 755, 136 L.Ed.2d 691 (1997). This section applies "without limitations to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings . . . ." 8 U.S.C. § 1252(g) (1997). Cabrera combined the Complaint for declaratory and injunctive relief with the petition for

---

1. A limited exception to the requirement of exhaustion is found when there is no administrative forum in which an alien could advance a due process claim. Thus, where the Board of Immigration Appeals is the only available forum, failure to exhaust could be excused. *See Sewak*, 900 F.2d at 670 (INS's exhaustion argument rejected, in part, because the BIA did not have jurisdiction to adjudicate constitutional issues) (citations omitted). ·Further, in certain circumstances, courts have permitted excludable or deportable aliens to avoid the INA's general habeas and exhaustion limitations. These courts have· permitted review of general allegations of procedural or programmatic illegal or unconstitutional conduct in the administration of the INA. *See Yang v. Reno*, 852 F.Supp. 316, 322–23 (M.D.Pa. 1994) (citations omitted), *aff'd*, 24 F.3d 500 (3d Cir.1994). The exceptions to the exhaustion requirement are not applicable to the current action. Cabrera sets·forth that his extension request was not responded to in violation of his Fifth Amendment due process rights under the Federal Constitution. However, petitioner's allegation is wholly conclusory.. The pleadings do not evidence unconstitutional delay as Cabrera apparently waited approximately one year from his initial request before filing the Motion to Re–Open and Reconsider, which was promptly heard and denied in less than a month.

a writ of habeas corpus. Petitioner's habeas petition concerns claims arising from his pending deportation proceedings. Thus, section 1252(g) applies to the current case. Section 1252(g)'s language is clear. No court has jurisdiction to hear Cabrera's claims, except as provided in section 1252. Section 1252 does not give the district court jurisdiction to hear Cabrera's habeas petition. In accordance with section 1252, that jurisdiction is removed. *See Hose v. I.N.S.,* 141 F.3d 932 (9th Cir.1998).

In light of the foregoing analysis, Cabrera's action for declaratory and injunctive relief and petition for a writ of habeas corpus will be dismissed for lack of subject matter jurisdiction.